IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Heritage Bank, | No. CV-25-00047-PHX-JZB |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Steven C Coury, et al., | |
| Defendants. | |

TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the Court is Defendants Steven C. Coury and Steve Coury Ford's "Unopposed Motion to Set Aside Default Judgment" ("Motion to Set Aside Default"). (Doc. 23.) The Court notes that motions to set aside default have been construed in this District as dispositive. *E.g.*, *Arvizo v. Young*, No. CV-23-0061-PHX-SPL (JFM), 2025 WL 992029, at *1 (D. Ariz. Feb. 18, 2025), *report and recommendation adopted*, No. CV-23-00061-PHX-SPL (JFM), 2025 WL 986216 (D. Ariz. Apr. 2, 2025); *Hart v. Granado*, No. CV222067PHXJATJFM, 2023 WL 9507885, at *1 (D. Ariz. Dec. 5, 2023), *report and recommendation adopted*, No. CV2202067PHXJATJFM, 2024 WL 79910 (D. Ariz. Jan. 8, 2024); *Brooks v. Fast Park & Relax*, No. CV 21-00516-TUC-LAB, 2022 WL 954845 (D. Ariz. Mar. 29, 2022); *Bustamante v. Gonzales*, No. CV07-940-PHX-DGCJRI, 2009 WL 1749881, at *1-2 (D. Ariz. June 18, 2009). The Court does not have the consent of all parties to proceed. Accordingly, the Court issues this Report

and Recommendation to Senior United States District Judge Stephen M. McNamee.

The Clerk of Court entered default against all Defendants on February 5, 2025, upon Plaintiff's application. (Doc. 13.)[1] The next day Defendants Steven C. Coury and Steve Coury Ford answered the Complaint. (Doc. 14.) Defendants state the brief delay in filing their Answer "was the result of an inadvertent ministerial oversight and not because of any intentional or even concerned [*sic*] attempt to gain an advantage." (*Id*. at 1.)

Federal Rule of Civil Procedure 55(c) directs that "[t]he court may set aside an entry of default for good cause." In determining whether good cause exists, a court must consider: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks and alterations omitted). If any one of the factors is true, the court has sufficient reason to refuse to set aside the default. *Id.* However, the court's discretion under Rule 55(c) is "especially broad," and the court should "resolve[] all doubt in favor of setting aside the entry of default and deciding the case on its merits." *See 2591028 Ontario Ltd. v. Vector Tech. Sys. LLC*, No. CV-21-01090-PHX-SPL, 2021 WL 4170670, at *1 (D. Ariz. Sept. 14, 2021) (quoting *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994)). This is because "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Noting the lack of culpable conduct, the federal policy of resolving disputes on their merits, the lack of prejudice to Plaintiff,[2] and Defendants' stated intent of defending

---

[1] The Court notes that, despite Defendants' motion, there is no pending motion for default judgment. The Clerk of Court has entered default, but Plaintiff has not yet filed a motion for default judgment pursuant to Rule 55(b), Federal Rules of Civil Procedure.

[2] Again, Plaintiff does not oppose the motion.

the allegations in the Complaint,[3] the Court will recommend granting the motion.

Accordingly,

**IT IS RECOMMENDED** Defendants' Motion to Set Aside Default (doc. 23) be **GRANTED**, and that the Clerk of Court's Entry of Default against Defendants Steven C. Coury and Steve Coury Ford be **VACATED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of June, 2025.

Honorable John Z. Boyle
United States Magistrate Judge

---

[3] For the meritorious defense factor, a defendant seeking to set aside a default judgment must merely "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. This burden is "not extraordinarily heavy." *Id.* (internal quotation marks omitted).