**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Heritage Bank, | No. CV-25-00047-PHX-JZB |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Steven C Coury, et al., | |
| Defendants. | |

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE**:

Pending before the Court is Plaintiff Southwest Heritage Bank's and Defendants Steven C. Coury's and Steve Coury Ford, LLC's "Stipulated Motion for Entry of Stipulated Judgment" (doc. 35). This Report and Recommendation is filed pursuant to General Order 21-25.[1] Considering the agreement of the aforementioned Parties, the Court recommends **granting** the Parties' Stipulated Motion for Entry of Stipulated Judgment (doc. 35).

---

[1]      General Order 21-25 provides:

When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

IT IS FURTHER ORDERED designating [Senior United States District Judge Stephen M. McNamee] to review and, if deemed suitable, to sign the order of dismissal . . . .

I.    **Background**.

Plaintiff Southwest Heritage Bank commenced this action on January 6, 2025, with the filing of its seven-count Complaint. *See* (doc. 1.) The counts contained in the Complaint are: (1) a bank fraud claim under 12 U.S.C. §§ 1833a and 1344; (2) a federal Racketeer Influenced and Corrupt Organizations ("RICO") claim under 18 U.S.C. §§ 1962 and 1964(c); (3) an Arizona RICO claim under A.R.S. §§ 13-2314.04 and 13-2312(A); (4) a conversion claim; (5) a fraud claim; (6) a negligent misrepresentation claim; and (7) an unjust enrichment claim. (*Id.* at 4–7.) All seven claims were levied against all Defendants,[2] including Steven C. Coury and Steve Coury Ford, LLC. (*Id.*)

The event giving rise to this action was an alleged "check kitting scheme" carried out after Defendant Lincoln J. Moore was added as an authorized signer on Steve Coury Ford, LLC's checking account. (*Id.* at 3.) Following Lincoln J. Moore's addition as a signer, "[b]etween May and October 2024, [Steve Coury Ford, LLC] cycled approximately $114.9 million through [its] Account, involving over 1,000 checks." (*Id.*) "This activity involved transferring funds between the Account and [Steve Coury Ford, LLC] accounts at 1st Bank Yuma and Arizona Financial Credit Union." (*Id.*) Beginning in October 2024, Lincoln J. Moore began requesting multiple stop payments on checks deposited at other financial institutions "shortly after depositing checks drawn on those institutions into [Steve Coury Ford, LLC's checking account]." (*Id.*) By November 27, 2024, Steve Coury Ford, LLC's checking account had a negative balance of $703,845.42. (*Id.*)

On January 13, 2025, and January 21, 2025, service was executed upon Defendants Steve Coury Ford, LLC and Steven C. Coury, respectively. (Docs. 6, 8.) On February 5, 2025, the Clerk of Court entered Default against Steve Coury Ford, LLC and Steven C. Coury. (Doc. 13.) After appearance of both Defendants, the Court vacated the Clerk's Entry of Default on July 10, 2025. (Doc. 31.) Thereafter, on August 25, 2025, Plaintiff and Defendants Steve Coury Ford, LLC and Steven C. Coury filed their Stipulated Motion for Entry of Stipulated Judgment. *See* (doc. 35.) The Parties assert that they have "reached a

---

[2]    Those Defendants are Steven C. Coury and Steve Coury Ford, LLC, Julie Ann Coury, Lincoln J. Moore, and Jane Doe Moore. (Doc. 1 at 2.)

settlement that resolves all issues regarding allegations stated in the Complaint[,]" and that the "Stipulated Judgment will resolve all matters for the litigation and its entry is the best interest of justice." (*Id.* at 2.) The Parties' Stipulated Judgment contains the following provisions:

> This Stipulated Judgment is entered into by and between Plaintiff, Southwest Heritage Bank ("SWH Bank") and Defendants Steven C. Coury and Steve Coury Ford, LLC ("Defendants Coury") (collectively "the Parties"). The Parties hereby agree to the following terms and conditions, which shall be binding and enforceable as a judgment of this Court:

> The Parties, through their respective counsel, hereby stipulate and agree to the entry of judgment by Plaintiff SWH Bank against Defendants Coury as follows:

### 1. INCORPORATION OF SETTLEMENT AGREEMENT

> This Stipulated Judgment incorporates by reference in its entirety the Settlement Agreement and Release entered into between the parties on July 1, 2025, ("Settlement Agreement"). The Settlement Agreement shall be filed with the Court only in the event enforcement proceedings are initiated under this Stipulated Judgment.

### 2. PERFORMANCE OF SETTLEMENT TERMS

> Each party shall perform all obligations set forth in the Settlement Agreement according to the terms and conditions specified therein.

### 3. RETENTION OF JURISDICTION

> This Court retains jurisdiction over this matter for the purpose of enforcing the terms of the Settlement Agreement and this Stipulated Judgment., If this case is closed and there is a subsequent default under the Settlement Agreement, the parties may file a stipulation or may file a motion to reopen the case, which will not be opposed. Alternatively, the Parties stipulate that a new case may be filed, they will not contest jurisdiction, and the only issue which the Parties may litigate is whether the Settlement Agreement has been breached. The Parties stipulate that they waive and are estopped from litigating any other issues in the Settlement Agreement. In any subsequent collection or enforcement action or further litigation, notice of breach or service of process can be effectuated by 1st Class mail and the response time and date shall be ten (10) calendar days from the post-marked date of the mailed notice.

### 4. ENFORCEMENT

> In the event of non-compliance with any provision of the Settlement Agreement, the non-breaching party may seek enforcement through this

Court or otherwise. The parties stipulate that the Judgment shall be immediately enforceable and that the Stipulated Judgment and Settlement Agreement can be filed and/or recorded. Upon filing of any enforcement motion in the Court, the Settlement Agreement shall be filed contemporaneously with such motion, either publicly or under seal as the Court may direct.

### 5.  COSTS

Each party shall bear their own attorney's fees and costs, except as otherwise provided in the Settlement Agreement.

### 6.  CONFIDENTIALITY OF SETTLEMENT TERMS

The parties agree that the Settlement Agreement shall remain confidential and shall not be filed with the Court unless and until enforcement proceedings are initiated. Nothing in this Stipulated Judgment shall be construed as waiving any confidentiality provisions contained in the Settlement Agreement.

### 7.  DISMISSAL

Upon full performance of all obligations under the Settlement Agreement, this action shall be dismissed with prejudice. The Parties further stipulate that there exists no just cause or reason for delay, and as no further matters remain pending, this Stipulated Judgment is entered pursuant to Rule 54, Federal Rules of Civil Procedure.

(Doc. 35-1 at 1–3.)

**II.  Discussion**.

As a preliminary matter, the Court is satisfied that it has subject matter jurisdiction over this action under federal question and supplemental jurisdiction. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1367. Additionally, the Court has personal jurisdiction over this matter and finds that venue is proper. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also* 28 U.S.C. § 1391(b)(2). As the jurisdictional requirements are fulfilled, the Court will turn to whether an entry of the Parties' Stipulated Judgment is warranted in this case.

"Lawsuits can end by an adjudication or by an agreement between the parties." *Daniels v. Hughes*, 147 F.4th 777, 783 (7th Cir. 2025). While Plaintiff does not seek to end this action as to all Defendants,—considering that motions for Default Judgment (doc. 38)

- 4 -

and Attorneys' Fees (doc. 40) against Defendant Lincoln J. Moore are currently pending—Plaintiff and Defendants Steven Coury Ford, LLC and Steven C. Coury have signaled a preference to terminate this matter via the pen rather than the gavel. Such an outcome is acceptable, and is even favored by federal courts. *See Baker v. D.A.R.A. II, Inc.*, No. CV062887PHXLOA, 2008 WL 4368913, at *1 (D. Ariz. Sept. 24, 2008) ("Both federal and Arizona courts have long favored compromise and settlement."); *see also Rose v. Enriquez*, No. CV 11-07838 DDP AJWX, 2012 WL 6618261, at *1 (C.D. Cal. Dec. 19, 2012) ("Settlement agreements are highly favored as productive of peace and good will in the community, as well as reducing the expense and persistency of litigation") (cleaned up). The Court does not find any reason to run counter to this trend.[3]

Accordingly,

**IT IS RECOMMENDED** that Plaintiff Southwest Heritage Bank's and Defendants Steven C. Coury's and Steve Coury Ford, LLC's Stipulated Motion for Entry of Stipulated Judgment (doc. 35) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff Southwest Heritage Bank have judgment against Defendants Steven C. Coury and Steve Coury Ford, LLC pursuant to the terms of the Stipulated Motion for Entry of Stipulated Judgment (doc. 35).

**IT IS FURTHER RECOMMENDED** that Defendants Steven C. Coury and Steve Coury Ford, LLC be **DISMISSED WITH PREJUDICE** upon full performance of obligations under the Settlement Agreement. The Parties to the Settlement Agreement shall notify the Court when all obligations under the Settlement Agreement have been

---

[3] Courts do not generally "rule on a private settlement negotiated between parties." *Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, *1 (D. Ariz. Nov. 13, 2007). Still, the Parties' Stipulated Judgment seems reasonable. Additionally, the Court's retention of ancillary jurisdiction over the settlement agreement appears to be in line with federal precedent. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) ("Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); *see also Hughes*, 147 F.4th at 783 ("A federal court can nonetheless retain ancillary jurisdiction to enforce the agreement so long as the court has not dismissed the suit with prejudice, thus terminating federal jurisdiction.") (cleaned up).

performed.

**IT IS FURTHER RECOMMENDED** that **within SIXTY (60) DAYS** of adoption of this report and recommendation, the Parties must notify the Court whether full performance of obligations under the Settlement Agreement has been achieved. In absence of such notice, and in the absence of either a motion to extend this deadline or a stipulated motion to dismiss Defendants Steven C. Coury and Steve Coury Ford, LLC, **IT IS RECOMMENDED** that Defendants Steven C. Coury and Steve Coury Ford, LLC be **DISMISSED WITH PREJUDICE** after the sixty-day deadline has expired.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 3rd day of November, 2025.

Honorable John Z. Boyle
United States Magistrate Judge

- 6 -